PATTERSON *vs.* BEHAN ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

In an action for the value of stolen goods, it should be fixed at their current selling price, and not the original cost of the goods.

The plaintiff may offer his own advertisement in evidence, in claiming the value of stolen goods, as a circumstance going to identify the goods, and occurring before the institution of suit.

This is an action instituted against J. W. Behan and John Freeland, to recover the value of certain stolen property, taken by two of their slaves.

The plaintiff alleges, that on Sunday night, the 30th October, 1836, two slaves, belonging to the defendants, broke into his store, No. 79 Bienville-street, in New-Orleans, and stole sundry articles of goods and property which he enumerated in an account annexed to the petition, amounting to one thousand two hundred and eighty four dollars, for which he prays judgment against the defendants *in solido,* as owners of the slaves.

The defendants pleaded a general denial.

On these pleadings and issues, the cause was tried before the court and a jury.

On the trial, the plaintiff offered in evidence an advertisement, which he had published in a newspaper, at the time of the robbery, describing the stolen goods, and offering a reward of one hundred dollars for the apprehension of the thieves.

This testimony was objected to by the defendants' counsel, as evidence proceeding from the plaintiff himself, and tending to show by his own acts, that a robbery had absolutely been committed, which objection was overruled, and the opinion of the court excepted to.

When the cause was about to be submitted to the jury, the defendants' counsel moved the court to charge them, that, if

they found against the defendants, the actual value of the articles, that is, their original cost and charges, and not any value which the plaintiff might himself put on them, should be the only amount recovered. The court refused to give the instruction and its opinion was excepted to.

There was a verdict and judgment for four hundred and ninety-four dollars, from which the defendants appealed.

*M'Millen* and *Grivot,* for the plaintiff, insisted that this case involved simply matters of fact, and the verdict of the jury being sustained by evidence, must be final, according to many decisions of this court.

2. No relief can be given when there has been no application for a new trial, except *pro forma.* Relief should be sought by an actual attempt to obtain a new trial, by showing to the court *a qua,* the error and injury complained of, that it might correct it.

3. The advertisement of the plaintiff was properly admitted in evidence, as corroborating the testimony of the other witnesses, and to show, the plaintiff had given notice of the robbery and described the property stolen, previous to its recovery.

*Jones, contra,* contended,

1. The verdict of the jury is entirely unsupported by the evidence ; there is nothing to show that the plaintiff sustained damages to the amount of the verdict.

2. The court erred in allowing the plaintiff to offer in evidence to the jury his own advertisement, in a newspaper, alleging that a robbery had been committed *on his* store.

3. The court erred in refusing to instruct the jury according to the motion of the counsel for the defendants, and in instructing as was done.

4. The case ought to be remanded for a new trial.

*Carleton, J.,* delivered the opinion of the court.

This action is brought to recover the value of certain articles of merchandize, which the plaintiff alleges, were

stolen by the defendants' slaves, who broke open and robbed his store in Bienville-street.

The defendants plead the general issue. There was a verdict and judgment in favor of the plaintiff for the sum of four hundred and ninety-four dollars, instead of one thousand two hundred and eighty-four dollars claimed in his petition. The defendants appealed.

At the trial of this cause, two bills of exception were taken by the defendants; the first to the opinion of the court, who instructed the jury, that, in fixing the value of the things stolen, they were to regard their current price and not their original cost and charges. We think the opinion of the court so obviously correct, that it must be assented to as soon as stated.

The second was taken to the introduction of the following advertisement, which the court permitted plaintiff's counsel to read to the jury.

" Robbery, and one hundred dollars reward. Whereas, my store, 79 Bienville-street, was broken open on the night of Sunday, the 30th inst., and the following mentioned goods stolen therefrom: four large double guns, German, silver mounted; six rifles, of a small, fine description, German, silver mounting, with iron ramrods; two cases of double barrel pocket pistols, maker's name, Wheeler & Son, London; two large double barrel guns, German, silver mounted, maker's name, Redford, London; six pair pocket pistols, assorted sizes, and of different maker's names.

I hereby offer a reward of one hundred dollars to any person that will give such information as will lead to the conviction of the thieves. WM. PATTERSON, 74 Royal street."

It is not so clear as the defendants contend, that the court erred in permitting this document to be read.

It did not make testimony of itself, but its exhibition was necessary to identify the pistols taken on the slaves, with the description given of the stolen property; this is a circumstance that might well have its effect upon the minds of the jurors, as it occurred independently of the plaintiff before the

*Margin notes:*

EASTERN DIST.
*April,* 1838.

PATTERSON
*vs.*
BEHAN ET AL.

In an action for the value of stolen goods, it should be fixed at their current selling price, and not the original cost of the goods.

The plaintiff may offer his own advertisement in evidence, in claiming the value of stolen goods, as a circumstance going to identify the goods, and occurring before the institution of suit.

institution of the suit, and could not have happened unless he had actually lost the articles set out in his advertisement; and if the court erred in suffering it to be read without restriction, yet, there was a sufficiency of other proofs to fasten the robbery upon the slaves of the defendants; and as to the number and value of the articles stolen, the jury were the proper judges, and we do not think it our duty to disturb their verdict.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.